UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ARCANGELO, INC., <br> BUYING POWER UNITED, LLC, <br> and ATLANTA DIRECT, LLC, <br>     Plaintiffs, <br><br> v. <br><br> DIRECTBUY, INC., <br>     Defendant, <br><br> DIRECTBUY, INC., <br>     Counter-Plaintiff, <br><br> v. <br><br> DAVID VISCARDI, CHIAO VISCARDI, <br> NEIL MORRIS, AMY MORRIS, <br> DAVID M. WASSMER, <br> ARCANGELO, INC., <br> BUYING POWER UNITED, LLC, <br> and ATLANTA DIRECT, LLC, <br>     Counter-Defendants. | CAUSE NO. 3:13-CV-104-PPS-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Plaintiffs' Motion to Compel Discovery Related to the Notice Issue [DE 119], filed by Plaintiffs Arcangelo, Inc., Buying Power United, LLC, and Atlanta Direct, LLC, on May 27, 2015. Defendant DirectBuy filed a response on July 7, 2015, and on July 13, 2015, Plaintiffs filed a reply.

**I.    Background**

On February 15, 2014, Plaintiffs filed a Complaint, and, on June 17, 2014, after Defendants' Motion to Dismiss was partially granted, Plaintiffs filed their Amended Complaint for breach of contract on behalf of a putative class.

On January 6, 2015, the Court granted DirectBuy's request to bifurcate discovery and stay discovery other than discovery regarding whether Plaintiffs provided timely notice of the putative breach that forms the basis of the case. Plaintiffs now seek to compel discovery they allege is relevant to the notice question. DirectBuy objects to providing the requested discovery, arguing that it is beyond the scope of whether Plaintiffs provided timely notice.

**II.     Analysis**

Plaintiffs argue that DirectBuy is refusing to provide them discovery based on an improperly narrow definition of what constitutes notice of breach.

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Furthermore, it provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding whether to compel discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

In its motion, Plaintiffs request that the Court compel information related to whether notice of the alleged breach was timely provided to DirectBuy. Plaintiffs assert that DirectBuy is refusing to produce much of the information they are seeking, and that it has interpreted the scope of this limited discovery to mean that Plaintiffs must provide a wide variety of documents to DirectBuy, but that DirectBuy is only obligated to provide those documents that constitute notice, as defined by DirectBuy.

A. Scope of Limited Discovery

DirectBuy objects to the majority of Plaintiffs' discovery requests on the grounds that the documents sought by Plaintiffs cannot constitute timely and sufficient notice of the breach of contract. Plaintiffs argue that they should not be restricted to discovery on DirectBuy's theory of the case alone but that they are entitled to discovery on all of the parties' claims and defenses regarding whether notice was timely provided.

In particular, Plaintiffs seek to compel responses to their document requests 1-4 and 11 as relevant to whether there was notice of breach. These requests seek documents indicating dissatisfaction with the advertising and marketing fees, requests from franchisees to opt out of the national advertising program, and DirectBuy's responses and internal communications regarding complaints about the excess national advertising fees, as well as communications with representatives of the Independent Association of DirectBuy Franchise Owners, Inc. ("FOA") about the national marketing program and fees. DirectBuy objects to providing communications that do not contain a specific assertion of alleged breach, to providing internal communications, and to providing information about franchisees which are not involved in this case.

DirectBuy argues that the notice requirement should be strictly construed and that the documents sought by Plaintiffs cannot satisfy notice-of-breach provisions. Plaintiffs assert that written communications specifying facts denoting a breach constitute notice of the breach, since whether notice can be implied is a question of fact to be determined from a totality of the circumstances. Accordingly, under Plaintiffs' theory, written communications from Plaintiffs and other franchisees identifying facts that represent a breach or violation are relevant to the question of whether and when they gave notice of the breach. Plaintiffs also argue that it was DirectBuy who asserted that each putative class member was required to satisfy the notice requirement, and that since Plaintiffs are entitled to discovery relevant to any party's claims and defenses, they are entitled to discovery as to putative class members' satisfaction of the notice requirement. In addition, Plaintiffs assert that they are going to argue that DirectBuy is estopped from making the argument that Plaintiffs' claims are waived by failure to give timely notice. Accordingly, they seek discovery on communications from DirectBuy to its franchisees that might show coercion or that franchisees were lulled by promises from DirectBuy that it would address their concerns about the charges.

DirectBuy also objects to providing information outside the time period of January 1, 2008 through June 30, 2009. It argues that since the Complaint states that Plaintiffs were aware in 2008 that there was a breach, and admitted that none of them provided written notice before January 1, 2008, their notice of breach must have occurred within twelve months of discovering a breach, or before June 30, 2009. Plaintiffs object to DirectBuy's interpretation of the Complaint, stating that they have not alleged or even determined when they knew or could have known that the national advertising fees they were being charged exceeded the cap. They also argue that the continuing violations doctrine applies, so each overt act creates a new injury and starts the clock for providing

4

notice of that breach.

Plaintiffs are entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In this case, the Court has limited discovery at this time to whether notice of the alleged contractual breach was timely provided to DirectBuy. It has not limited discovery to whether DirectBuy received what it now accepts as timely and sufficient notice of the alleged breach. "[A] party is entitled to seek discovery on its theory of the facts and the law, and is not limited in discovery by the opponent's theory." 8 C. Wright & A. Miller, Federal Practice and Procedure § 2011 (3d ed. 2008); *see also Shott v. Rush Univ. Med. Ctr.*, No. 11 C 50253, 2013 WL 2368073, at *1 (N.D. Ill. May 29, 2013) ("In the year 2000, the scope of discovery changed from matters 'relevant to the subject matter involved in the pending action' to matters 'relevant to the claim or defense of any party.' Therefore, the pleadings now establish what is relevant.") (quoting Fed. R. Civ. P. 26(b)(1); citing *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188 (10th Cir.2009); *Sallis v. University of Minn.*, 408 F.3d 470, 477–78 (8th Cir.2005)).

As the Court has previously described, the Court need not address the parties' arguments about the merits of the case. It need not consider whether any particular documents serve as notice, whether the "continuing wrong" concept applies to the relevant contractual notice of breach provision, or which parties and putative class members must satisfy the notice requirement. These are matters appropriately reserved for a motion for summary judgment and, despite DirectBuy's arguments to the contrary, need not be decided in order to determine what type of discovery is appropriate at this stage of the litigation.

Accordingly, the Court compels DirectBuy to provide responses to Plaintiffs' document requests 1-4 and 11 for the time period from January 1, 2006, through January 2013, at DirectBuy's

5

expense.

B. Document Retention

Plaintiffs also refer to a dispute between the parties about DirectBuy's document retention practices and request that DirectBuy be required to answer its questions about its preservation policies. Plaintiffs represent that DirectBuy has objected to providing documents which are only available on backup tapes or are also in Plaintiffs' possession. In its response to the instant Motion to Compel, DirectBuy specifically objects to providing responses to document requests that relate only to its internal document retention policies and practices since those requests are not relevant to the question of whether Plaintiffs provided timely notice. DirectBuy does not argue in this response that the information sought by Plaintiffs is inaccessible due to cost so the Court need not determine whether that is the case. Because these requests do not have to do with the question of whether Plaintiffs provided notice, the Court will not at this time require DirectBuy to respond to document requests 12-14 and 16-18. However, DirectBuy is directed to comply with Plaintiffs' discovery requests as outlined above, at DirectBuy's expense. To the extent that DirectBuy refuses to provide these documents because of cost or attempts to shift the costs of restoring them to Plaintiffs, Plaintiffs may file another motion to compel and the Court may revisit the question of DirectBuy's retention practices.

**III. Conclusion**

For the foregoing reasons, the Court hereby **GRANTS in part** the Plaintiffs' Motion to Compel Discovery Related to the Notice Issue [DE 119] and **ORDERS** DirectBuy to serve on Plaintiffs all documents responsive to Request for Production 1-4 and 11 in a timely fashion.

Because the motion to compel is granted in part, "the court . . . may, after giving an

opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Accordingly, the Court hereby **ORDERS** Plaintiffs to **FILE**, on or before **September 17, 2015**, an itemization of their costs and fees, including attorney's fees, incurred in making the Motion to Compel along with argument as to why those expenses are reasonable in this situation, with DirectBuy to **FILE** a response with the Court to Plaintiffs' request for reasonable expenses incurred in making the instant Motion on or before **September 25, 2015**.

Because the briefing included enough information for the Court to rule on the instant Motion, the Court **DENIES as moot** DirectBuy's Motion for Oral Argument on Plaintiffs' Motion to Compel [DE 129].

SO ORDERED this 2nd day of September, 2015.

                                           s/ John E. Martin
                                           MAGISTRATE JUDGE JOHN E. MARTIN
                                           UNITED STATES DISTRICT COURT

cc:    All counsel of record